FILED
United States Court of Appeals
Tenth Circuit

September 9, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

AKIRA T. BROWN,

　　　　　Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; STEVEN SIX,
Kansas Attorney General,

　　　　　Respondents-Appellees.

No. 10-3018
(Case No. 5:09-CV-03048-JAR)
(D. Kan.)

**ORDER**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

　　　Petitioner seeks a certificate of appealability to appeal the district court's

denial of his § 2254 habeas petition. Petitioner was convicted on one count of

first degree murder and sentenced to life in prison following a jury trial in Kansas

state court. On appeal to the Kansas Supreme Court, Petitioner argued, *inter alia*,

that the trial court had erred by denying a motion to suppress his confession,

which he alleged was involuntary. However, the Kansas Supreme Court

determined that, under the totality of the circumstances, Petitioner's confession

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was the "product of [his] free and independent will," and then went on to uphold his conviction. *State v. Brown*, 173 P.3d 612, 627 (Kan. 2007). Following the Kansas court's decision, Petitioner brought this action under § 2254 seeking federal habeas corpus relief and arguing that admission of the allegedly coerced confession violated his constitutional right against self incrimination.

The district court denied the petition after review of the relevant state record. Specifically, the court considered the Kansas court's totality of the circumstances analysis in comparison with the relevant factors laid out in *United States v. Lugo*, 170 F.3d 996, 1004 (10th Cir. 1999), and then held that Petitioner had "not established the state proceeding 'resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.'" (Doc. 11 at 10 (quoting 28 U.S.C. § 2254(d)).) Subsequently, the district court denied Petitioner's motion for a certificate of appealability following an additional review of the record, including a videotaped recording of the interrogation.

After careful review of Petitioner's filings, the district court's order, and the record on appeal, we conclude that the district court correctly found that Petitioner has not shown the denial of a constitutional right. Accordingly, for

substantially the reasons set forth in the district court's order, we **DENY**

Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge